This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: June 6, 2022**

**No. S-1-SC-38985**

**IN THE MATTER OF GREGORY B. PEIREZ,
APPLICATION FOR ADMISSION TO THE
STATE BAR OF NEW MEXICO**

Gregory B. Peirez, Esq.
Walton, NY

for Petitioner, pro se

Aldridge, Hammar & Wexler P.A.
Kevin D. Hammar
Albuquerque, NM

for Respondent

**DISPOSITIONAL ORDER**

**VIGIL, Justice.**

**{1}** WHEREAS, this matter having come before the Court upon Petitioner Gregory B. Peirez's appeal, pursuant to Rule 15-301(D) NMRA, from the New Mexico Board of Bar Examiners' (Board) refusal to recommend his application for reciprocal admission to the practice of law in New Mexico pursuant to the Rules Governing Admission to the Bar under Rule 15-107 NMRA;

**{2}** WHEREAS, the Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}** WHEREAS, the Rules Governing Admission to the Bar direct that such admission is permissible only when the applicant "establishes that the applicant is currently a member in good standing in every state where the applicant is admitted to practice law or, if the applicant is not presently a member eligible to practice in a state, . . . establishes that the applicant resigned in good standing." Rule 15-107 (A) (7); *see also* Rule 15-101(A)(8)(b) NMRA (defining "in good standing" as being "admitted to the bar of another state" and "not under disciplinary suspension or suspended for nonpayment of bar dues");

**{4}** WHEREAS, Petitioner admits in his application for admission by motion he did not resign from the bar in New Jersey in good standing but instead had his license revoked for nonpayment of annual dues for seven consecutive years;

**{5}** WHEREAS, the Court concludes the Board did not err in refusing to recommend Petitioner's application for admission by motion because Petitioner did not establish he resigned in good standing, thus failing to meet the requirements for admission by motion under Rule 15-107(A)(7);

**{6}** WHEREAS, Petitioner seeks a refund of his application fee if denied admission to practice law in New Mexico;

**{7}** WHEREAS, Rule 15-107(E)(2) provides "[t]here shall be no refund of, or credit for, th[e] application fee for any reason, including but not limited to denial of admission";

**{8}** WHEREAS, the Court concludes Petitioner is not entitled to a refund of his application fee;

**{9}** WHEREAS, the Board requests that this Court remand to determine costs and fees to be paid by Petitioner under Rule 15-107(E)(3);

**{10}** WHEREAS, Rule 15-107(E)(3) requires applicants seeking admission to the practice of law in New Mexico on motion to "pay all costs as determined by the Board in connection with any investigation and hearings";

**{11}** WHEREAS, the Court concludes because there was no investigation or hearing in this matter, rather Petitioner admitted to the administrative revocation of his New Jersey license in his application for admission by motion, Petitioner shall not be required to pay any costs associated with this appeal;

**{12}** WHEREAS, the Court has chosen to exercise its discretion under Rule 12-405(B) NMRA to dispose of this case by nonprecedential order rather than by precedential opinion;

**{13}** NOW, THEREFORE, IT IS ORDERED that Petitioner's application for admission by motion is denied, Petitioner's request for a refund of his application fee is denied, and the Board's request for costs associated with this appeal is denied.

**{14} IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

**C. SHANNON BACON, Chief Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**